IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILUN T. WILSON-LOGAN, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:24-CV-2310-K-BW | |
| § | | |
| 3131 KINGBRIDGE ST., et al., § | | |
| Defendants. § | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Wilun T. Wilson-Logan's Complaint, received on September 11, 2024. (Dkt. No. 3.) Based on the relevant filings and applicable law, the Court should **DISMISS** this action without prejudice for lack of subject matter jurisdiction.

**I. BACKGROUND**

Wilson-Logan, a resident of Dallas, Texas, filed a complaint against a property address, which appears to be located in Dallas, and D. Shelton.[2] (*See* Dkt. No. 3 at 1.) The complaint states: "Television network w[h]ere my signature from other documents, emails, & etc had been processed for financial gain. Public witnesses could see me on the satellite network and no compensation." (*Id.*) It then

---

[1] By *Special Order No. 3-251*, this pro se case has been automatically referred for full case management.

[2] In a prior lawsuit that appears to have been filed by Wilson-Logan under the name Wilvon Wilson, he gave his address as 3131 Kingbridge Crossing, Dallas, Texas 75212. *See Wilson v. Kingbridge Crossing*, No. 3:23-CV-2156-X-BN, Dkt. No. 2 (N.D. Tex. Sept. 28, 2023).

states, "House fire, removal from premises," and appears to list the names of four purported witnesses. (*Id.*)

In his Civil Cover Sheet, Wilson-Logan did not check any box indicating the basis of jurisdiction. (*See id.* at 2.) For the nature of suit, he checked boxes for "Other Civil Rights," "Housing/Accommodations," and "Cable/Sat TV." (*Id.*) He did not make a monetary demand. (*See id.*)

## II.  ANALYSIS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "Every federal court should, on its own, ensure that subject-matter jurisdiction is present." *The Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020). Unless otherwise provided by statute, federal subject matter jurisdiction requires: (1) an action "arising under the Constitution, laws, or treaties of the United States," also known as federal question jurisdiction; or (2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, also known as diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. The party seeking a federal forum bears the burden of establishing that subject matter jurisdiction exists. *See Willoughby v. United States ex rel. United States Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

Federal question jurisdiction "exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (internal quotation marks omitted). A federal statute or rule need not be cited by name to establish jurisdiction, but the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; it cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (internal quotation marks omitted). Even if a plaintiff alleges a claim created by or implicating a substantial question of federal law, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion.'" *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted).

Regarding diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). The party asserting jurisdiction must "distinctly and affirmatively allege[ ]" the basis for diversity jurisdiction, and the failure to do so "mandates dismissal." *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (internal quotation marks omitted).

The Court must liberally construe pleadings filed by pro se litigants such as Wilson-Logan. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that pro se pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"). Liberally construing Wilson-Logan's complaint with all deference due a pro se litigant, his cause of action, if any, is inartfully pled, and he has not alleged facts sufficient to establish federal question or diversity jurisdiction.

Wilson-Logan does not reference any federal law, statute, or legal principle in his complaint, nor does he make any factual allegations from which the Court could reasonably infer a federal cause of action. He therefore fails to establish federal question jurisdiction. He also fails to establish diversity jurisdiction as he does not distinctly and affirmatively allege either the complete diversity of the adverse parties or that more than $75,000, exclusive of interest and costs, is at issue; nor is there any basis from which the Court could reasonably infer the complete diversity of the parties and the amount in controversy.

Additionally, because the complaint fails to present an adequate basis for federal question jurisdiction and diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any state-law claims that Wilson-Logan may be attempting to assert. *See* 28 U.S.C. § 1367(a).

Accordingly, the Court should dismiss the complaint *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be afforded an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* at 768. As explained herein, the facts as alleged by Wilson-Logan demonstrate a lack of subject matter jurisdiction in this Court that does not appear to be curable by amendment. Granting leave to amend therefore would be futile and cause needless delay.

### IV. RECOMMENDATION

The Court should **DISMISS** this action without prejudice for lack of subject matter jurisdiction.

**SO RECOMMENDED** on October 4, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).